Filed 6/22/26  P. v. Luna CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN CHARLES LUNA, JR.,<br><br>    Defendant and Appellant. | A172753<br><br>(Mendocino County Super. Ct. No. 21CR00659) |

Steven Charles Luna, Jr., was sentenced to four years in prison for first degree burglary.  (See *People v. Luna* (Sept. 4, 2024, A168610) [nonpub. opn.] (*Luna*).)  In his earlier appeal, we remanded his case for the trial court to consider whether Penal Code section 1170, subdivision (b)(6)(A)[1], which took effect after his sentencing, required the imposition of a shorter prison term based on trauma he has suffered.  (See Sen. Bill No. 567 (2021–2022 Reg. Sess.), Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.)  On remand, the trial court denied his counsel's request for a continuance of his resentencing hearing.  On appeal, Luna contends that the denial of the continuance deprived his counsel of a reasonable opportunity to prepare his defense.  We affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

# BACKGROUND

## A.

Luna pled nolo contendere to first degree burglary after he broke into an unoccupied home and resided there for a few months, causing numerous items in the home to be damaged or stolen. (See *Luna*, *supra*, A168610.) At the time of the offense, Luna was suffering from homelessness and alcoholism, and he apparently sought shelter in the home when the weather turned cold. (See *ibid*.)

Luna's sentencing memorandum recounted several traumas he had experienced. (See *Luna*, *supra*, A168610.) Due to his mother's struggles with alcoholism during his childhood, Luna witnessed adults relying on alcohol as a coping mechanism, and he had to care for his mother as well as raise himself and his three brothers despite being a child himself. (*Ibid*.) His mother died of alcoholic cirrhosis of the liver in 2007. (*Ibid*.) A few years later, as a result of a car accident, Luna was placed in an induced coma and nearly lost his arm to amputation. (*Ibid*.) In addition, a month before Luna's arrest, one of his brothers murdered another brother while both were intoxicated. (*Ibid*.)

In Luna's original sentencing proceedings, the trial court selected the middle term of four years in prison for first degree burglary. (*Luna*, *supra*, A168610; see § 461, subd. (a) [providing for a sentence of two, four, or six years in prison for first degree burglary].) The trial court initially suspended the sentence in favor of probation, but the court later revoked probation after a number of probation violations and imposed the four-year prison term. (*Luna*, *supra*, A168610.)

In his prior appeal, Luna challenged the four-year sentence, relying on section 1170, subdivision (b)(6)(A). (See *Luna*, *supra*, A168610.) Section 1170, subdivision (b)(6)(A), establishes a presumption in favor of the lower term in cases in

2

which the defendant "has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence," and that trauma was "a contributing factor in the commission of the offense." (See *People v. Salazar* (2023) 15 Cal.5th 416, 419.) The court shall impose the lower term "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6); *Salazar*, at pp. 419, 423.)

The People conceded that a remand was appropriate, acknowledging that it "appears from the record that there was a basis for the defense argument that the presumptive low term should apply." As a result, the People "agree[d] with appellant [to a] remand for resentencing, at which time the sentencing court can consider whether section 1170, subdivision (b)(6)(A)[,] requires the imposition of the lower term." In our earlier opinion, we accepted the parties' positions and remanded the case "for the trial court to determine whether section 1170, subdivision (b)(6)(A), requires imposition of the lower term for first degree burglary in this case." (See *Luna*, *supra*, A168610.)

**B.**

On remand, the trial court held scheduling hearings on November 22, 2024, December 6, 2024, January 3, 2025, and January 9, 2025, before resentencing Luna on January 28, 2025. The public defender who represented Luna at his resentencing first appeared on December 6 and made appearances at all subsequent hearing dates. At the December 6 hearing, the court observed that "the People have indicated off the record that they're opposed to resentencing." The court also noted that defense counsel had been unable to locate Luna in the California Department of Corrections and Rehabilitation database and had not been able to determine whether he was still in custody at that point.

3

By the time of the resentencing hearing on January 28, Luna was present and had been released on parole. The trial court indicated that it had reviewed the court of appeal opinion, the probation report, and Luna's performance on probation. The court recognized that the "most salient" mitigating circumstances were "the alcoholism of Mr. Luna's mother as well as the murder of his brother."

Defense counsel asserted that, based on his discussion with "the appellate attorney who had this [case,] . . . the respondent . . . pretty much conceded based on their response as to [the] low term." Defense counsel argued that "the presumption applies" and "[n]othing at sentencing contradicts the childhood trauma and neglect that my client went through[,]" so the "low term should apply."

The prosecution disputed defense counsel's characterization of its position, explaining that, although the People had recognized that there was a "basis" for the defense argument that the presumptive low term should apply, the People were opposing the low term.

Defense counsel then requested a continuance so that he could get a copy of the probation report, which he indicated he did not have in front of him. Defense counsel also stated that, in a previous hearing, "it was kind of understood that the parties would stipulate to the low-term," which provided further support for his continuance request. Defense counsel added: "My client is finally present, your honor, and last time he wasn't. I can get more information. And I do want to investigate this further. I wasn't the attorney of record when the case was being sentenced. . . . [¶] I'm getting up to speed but, moreover, if we're not going to stipulate to low-term then I want to talk to Mr. Luna and to dig into his childhood trauma. I think I'm entitled to that time considering what happened."

4

The court commented that "the last time we were here it did not seem that there was going to be an opposition to the low-term is what I recall." After the prosecution asserted that the People had "never indicated to [defense counsel that] our position was low term," the trial court apologized and said, "I misspoke on that issue."

The court denied the continuance, noting that the resentencing hearing had already started and no continuance had been requested at the outset. Defense counsel stated, "That was with the understanding that we were just going to do the low term. You can understand my position, your honor."

Defense counsel proceeded to urge the court to select the low term. He asserted that Luna's childhood trauma was "huge" due to "his mother's alcoholism" and "him as a child having to look out for his siblings" given his mother's circumstances. He noted that Luna's "unusual family circumstances . . . likely contributed to some of the underlying problems." He contended that the presumption in favor of the low term weighed "heavily" in Luna's favor and that the aggravating circumstances asserted by the prosecution did "nothing [to] change[] that." In addition, defense counsel explained that, although Luna had served the four-year sentence already, the issue was not academic because, according to his research, any excess custody credit could potentially be credited toward Luna's fines or parole under section 2900.5.

In concluding that the mid-term sentence remained appropriate, the trial court cited Luna's "extraordinarily long" criminal record; his probation violations and failures to appear; and the "significant injury" he had caused the victims, including "tremendous" damage to the house. Notwithstanding Luna's past trauma, the court concluded, "the aggravators outweigh the mitigators."

## DISCUSSION

Luna contends that the trial court abused its discretion in denying his motion for a continuance. Although it would have been reasonable for the trial court to grant a continuance, we are unable to conclude that was the only reasonable outcome in the circumstances here.

Under section 1050, subdivision (e), the granting of a continuance must be justified by a showing of good cause. In evaluating a request for a continuance, courts "consider whether the moving party has acted diligently, the anticipated benefits of the continuance, the burden that the continuance would impose on witnesses, jurors, and the court, and whether a continuance will accomplish or hinder substantial justice." (*People v. Reed* (2018) 4 Cal.5th 989, 1004 (*Reed*).) The convenience of the parties, without more, does not constitute good cause. (§ 1050, subd. (e).)

The trial court has broad discretion to determine whether a continuance is warranted. (See *People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 797; see also *Reed*, *supra*, 4 Cal.5th at p. 1004 ["[O]n appeal, we review all circumstances relevant to the [continuance] motion to determine whether the trial court's decision was so arbitrary as to deprive the movant of due process."]; *In re Caden C.* (2021) 11 Cal.5th 614, 641 [explaining that under the abuse of discretion standard, " '[t]he reviewing court should interfere only " 'if ... under all the evidence, viewed most favorably in support of the trial court's action, no judge could reasonably have made the order that he [or she] did' " ' "].) But the trial court's " 'discretion may not be exercised so as to deprive the defendant or his attorney of a reasonable opportunity to prepare.' " (*People v. Gray* (2005) 37 Cal.4th 168, 225; see also *Holmes,* at p. 797 ["Trial courts enjoy broad discretion with regard to continuances, and 'only an unreasoning and arbitrary "insistence upon expeditiousness in

the face of a justifiable request for delay" violates the right to the assistance of counsel.' "], quoting *Morris v. Slappy* (1983) 461 U.S. 1, 11-12.)

We are unpersuaded by Luna's contention that, in denying the continuance, the trial court deprived his counsel of a reasonable opportunity to prepare. Luna's public defender first made an appearance in the case on December 6, 2024, at which time the court made clear that the issue for resentencing was the impact of "prior trauma that Mr. Luna experienced." Over a month later, on January 9, 2025, when the court set the date for the resentencing hearing, Luna's counsel agreed to the January 28 date for resentencing, implicitly representing that he would be ready on that date. By January 28, defense counsel had had at least seven and a half weeks since the December 6 hearing and 19 days from the January 9 hearing in which to prepare. The trial court's setting of the resentencing hearing afforded defense counsel a sufficient opportunity to investigate and prepare.[2]

Further, the limited record before us does not establish affirmatively that defense counsel failed to adequately prepare for the hearing. Once the prosecution opposed the low term, defense counsel sought more time to "investigate this further," including to "talk to Mr. Luna" and "dig into his childhood trauma," but defense counsel never represented that he was unprepared to proceed. (Cf. *People v. Fontana* (1982) 139 Cal.App.3d 326, 332-334 [concluding that the trial court abused its discretion in denying the defendant's motion for continuance of a probation revocation hearing where defense counsel informed the court that "he was not prepared"].) Instead, the transcript

---

[2] Our record does not contain any details about other obligations that might have interfered with defense counsel's timely preparation of Luna's case. Nor does the record establish that defense counsel lacked an adequate opportunity to communicate with Luna prior to the resentencing hearing.

reflects that defense counsel had prepared to some extent: he had reviewed the court of appeal decision, he was familiar with the basic facts supporting the argument that Luna had suffered from childhood trauma, and he had conducted some legal research. Defense counsel stated that he could "get more information," but the record does not specify what information counsel had gathered or reviewed prior to the hearing, and what tasks defense counsel had failed to undertake.[3] (Cf. *People v. Mickel* (2016) 2 Cal.5th 181, 199 [concluding that the record was inadequate for establishing ineffective assistance of counsel on direct appeal, where "the record is silent as to what investigation or inquiry counsel made"].) Without more, the record does not establish that the denial of the continuance meant that Luna's counsel was required to proceed unprepared.

In addition, as the trial court noted, defense counsel's belated continuance request was made in the middle of the resentencing hearing. Although no witnesses or jurors would have been inconvenienced, continuing the hearing after the resentencing had already begun would have inconvenienced the court, which had reviewed the relevant case materials in preparation for pronouncing a sentence that day. (See *Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 547-548 [recognizing that "where [a continuance] request is made after the court reviewed the matter in preparation for the hearing, substantial inefficiencies [may] result if continuance is granted"].)

Luna's counsel attempted to justify his midstream request for a continuance based on his mistaken understanding that the prosecution would stipulate to a low term sentence. That understanding is not supported by any statements the

---

[3] For example, although defense counsel commented that "[m]y client is finally present, . . . and last time he wasn't" and stated he wished to "talk to Mr. Luna," he did not apprise the court that he had never spoken to Luna before.

prosecution made on the record.  Indeed, the trial court had noted in an earlier hearing, with Luna's counsel present, that "the People have indicated off the record that they're opposed to resentencing."  And although the court of appeal opinion stated that the prosecution had acknowledged a basis for applying the presumption in favor of a low term, that position did not necessarily preclude the prosecution from arguing that, once applied, the presumption was outweighed by aggravating circumstances.  (See *Luna, supra,* A168610.)  To the extent that defense counsel intended to rely on a stipulation by the prosecution, it was incumbent on counsel to obtain confirmation of any such stipulation in advance of the resentencing hearing.

The circumstances here are unlike those in *People v. Grajeda* (2025) 111 Cal.App.5th 829, upon which Luna relies.  In *Grajeda*, the defendant, who appeared remotely, sought a postponement at the beginning of his resentencing hearing so he could speak with his attorney, who was present in court.  (*Id.* at p. 835.)  The defendant's attorney admitted that she had not spoken with her client before the hearing.  (*Id.* at p. 839.)  After the court denied the request and proceeded to sentencing, the defendant stated for the record that he wished to ask his attorney about a statutory amendment that he believed would affect his sentence and which his attorney had not addressed in her resentencing memorandum.  (*Id.* at pp. 835, 839.)  *Grajeda* held that the court's denial of a continuance was an abuse of discretion because it denied the defendant his right to communicate with his attorney—a right he had not waived merely by appearing remotely.  (*Id.* at pp. 839-840.)  In *Grajeda*, there was no question that the denial of a continuance prevented the defendant from consulting with his attorney.  In contrast, here, Luna's counsel was not denied a reasonable opportunity to prepare, counsel never claimed he was unprepared to proceed, and the record before us does not affirmatively establish that he was insufficiently prepared.

In sum, the trial court's denial of a continuance under the circumstances here was not an abuse of discretion.

## DISPOSITION

The judgment is affirmed.

BURNS, J.

WE CONCUR:

JACKSON, P. J.
CHOU, J.

*People v. Luna (A172753)*

10